UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD M. COIA<br>As Trustee of the Rhode Island Laborers Health Fund; the Rhode Island Laborers' Pension Fund; the New England Laborers' Training Trust Fund; the New England Laborers' Labor Management Cooperation/Trust Fund; the New England Laborers' Health & Safety Fund; the New England Laborers' Unified Trust Fund; the Rhode Island Laborers' Annuity Fund; the Rhode Island Laborers' Legal Services Fund; the Rhode Island Construction Industry Advancement Fund; and the RHODE ISLAND LABORERS' DISTRICT COUNCIL OF THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO, | : | |
| v. | : | C.A. No. 04-267ML |
| ROYAL DRYWALL & CONSTRUCTION CO., INC. | : | |
| v.<br>O. AHLBORG & SONS, INC. | : | |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Ronald M. Coia, et al. hereby move for summary judgment on all claims filed against Royal Drywall & Construction Co., Inc. The grounds for this motion are set forth in the memorandum of law filed contemporaneously herewith.

Dated: Providence, Rhode Island
May 22, 2007

RONALD M. COIA, et al.
By their attorneys,

/s/ Robert P. Brooks
ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604 - 351-0607
rbrooks@apslaw.com
jlaporte@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May 2007, I electronically filed the attached Motion for Summary Judgment with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Linn F. Freedman, Esq.
Nixon Peobody, LLP
One Citizens Plaza, Suite 500
Providence, RI, 02903

John E. Bulman, Esq.
Joseph P. Quinn, Esq.
Little Medeiros Kinder Bulman & Witney, P.C.
72 Pine Street
Providence, RI 02903

/s/ Robert P. Brooks

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RONALD M. COIA<br>As Trustee of the Rhode Island Laborers<br>Health Fund; the Rhode Island Laborers'<br>Pension Fund; the New England Laborers'<br>Training Trust Fund; the New England<br>Laborers' Labor Management<br>Cooperation/Trust Fund; the New England<br>Laborers' Health & Safety Fund; the New<br>England Laborers' Unified Trust Fund; the<br>Rhode Island Laborers' Annuity Fund;<br>the Rhode Island Laborers' Legal Services<br>Fund; the Rhode Island Construction<br>Industry Advancement Fund; and the<br>RHODE ISLAND LABORERS' DISTRICT<br>COUNCIL OF THE LABORERS'<br>INTERNATIONAL UNION OF<br>NORTH AMERICA, AFL-CIO, | : | |
| v. | : | C.A. No. 04-267ML |
| ROYAL DRYWALL & CONSTRUCTION<br>CO., INC. | : | |
| v.<br>O. AHLBORG & SONS, INC. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Ronald M. Coia, as duly appointed Trustee of the Rhode Island Laborers' Health Fund, the Rhode Island Laborers' Pension Fund, the Rhode Island Laborers' Annuity Fund, the New England Laborers' Training Trust Fund, New England Laborers' Labor Management Cooperation/Trust Fund, Rhode Island Laborers Health & Safety Fund, the Rhode Island Laborers' Unified Trust Fund, the Rhode Island Construction Industry Advancement Fund, and the Rhode Island Laborers' Legal Services Fund, ("Plaintiff Funds"), and the Rhode

Island Laborers' District Council acting on behalf of Local Unions #15, Westerly, Rhode Island; #271, Providence, Rhode Island; and #673, Newport, Rhode Island ("Plaintiff Union"), respectfully submit this memorandum of law in support of their motion summary judgment on all claims filed against Royal Drywall & Construction Co., Inc. ("Royal Drywall"). As set forth in greater detail below, it is undisputed that Royal Drywall employed members of the Plaintiff Union during the months of July, August, September, October, November and December 2003 and that Royal Drywall failed to make required contributions to the Plaintiff Funds and the Plaintiff Union. Accordingly, Royal Drywall is in breach of the Agreement with Plaintiff Union and Plaintiff Funds and Plaintiff Union are entitled to judgment as a matter of law.

## I. <u>Factual Background</u>

On August 10, 2002, Royal Drywall signed a Rhode Island Laborers' District Council Agreements Building and Site Construction Agreement Acceptance of Agreements and Declaration of Trust ("Declaration of Trust"). **Undisputed Fact No. 1**. By signing the Declaration of Trust, Royal Drywall agreed to be a party to the collective bargaining agreement by and between the Associated General Contractors of American, Inc., RI Chapter, Labor Relations Division, dated June 1, 2001, and the Rhode Island Laborers' District Council of the Laborers' International Union of North America acting on behalf of Construction and General Laborers' Local Union 15, Westerly, Local Union 271, Providence, and Local Union 673, Newport, Rhode Island (hereinafter, the "Agreement"). **Undisputed Fact No. 2**.

As a party to the Agreement, Royal Drywall agreed to make contributions to the Plaintiff Funds for all hours worked by covered employees. **Undisputed Fact No. 3**. Specifically, Royal Drywall was obligated to pay the following:

1) Four dollars and seventy-five cents ($4.75) per hour worked by each employee covered under the terms of the Agreement

to the Rhode Island Laborers' Health Fund. **Undisputed Fact No. 4**;

2) Three dollars and sixty cents ($3.60) per hour worked by each employee covered under the terms of the Agreement to the Rhode Island Laborers' Pension Fund. **Undisputed Fact No. 5**;

3) Thirty cents (30¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Training Trust Fund. **Undisputed Fact No. 6**;

4) Fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Labor Management Cooperation/Trust Fund. **Undisputed Fact No. 7;**

5) Fifteen cents (15¢) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Health & Safety Fund. **Undisputed Fact No. 8**;

6) One dollar and fifty cents ($1.50) per hour worked by each employee covered by the terms of the Agreement to the New England Laborers' Unified Trust Fund. **Undisputed Fact No. 9**;

7) Fifty cents (50¢) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Legal Services Fund. **Undisputed Fact No. 10**;

8) Two dollars and thirty-five cents ($2.35) per hour worked by each employee covered by the terms of the Agreement to the Rhode Island Laborers' Annuity Fund. **Undisputed Fact No. 11**;

9) Fifteen (15¢) cents per hour worked by each employee covered by the terms of the agreement to the Rhode Island Construction Industry Advancement Fund. **Undisputed Fact No. 12**.

Under the Agreement, Royal Drywall was obligated to make payments to the above-referenced Funds no later than the twentieth (20th) day of each and every month for all hours worked by employees covered by the Agreement. **Undisputed Fact No. 13**. Pursuant to the Agreement, Royal Drywall was also obligated to deduct seventy (70¢) cents per hour worked from the wages of each employee and to pay the deducted amounts to the Plaintiff Union.

**Undisputed Fact No. 14**. Royal Drywall is severally liable for both union dues and fund contributions under the Agreement. **Undisputed Fact No. 18.**

Royal Drywall admittedly employed several employees covered by the Agreement during the months of July, August, September, October, November and December 2003. **Undisputed Fact No. 15**. Royal Drywall submitted Employer's Remittance Reports listing the number of hours worked by the employees and the amount of union dues and fund contributions owed. **Undisputed Fact No. 15**. According to the Employer's Remittance Reports submitted by Royal Drywall, Royal Drywall was required to make contributions to the Plaintiff Funds totaling $33,470.40 and to pay union dues totaling $1,741.60. **Undisputed Fact No. 16**. To date, Royal Drywall has not paid the fund contributions or union dues set forth in the Employer Remittance Reports. **Undisputed Fact No. 17**.

## II. <u>Standard Of Review</u>

Summary judgment is an appropriate remedy when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) . When deciding on a motion for summary judgment "the court must look to the record and view all the facts and inferences therefrom in the light most favorable to the nonmoving party." *Desrosiers v. Hartford Life & Accident Ins. Co.*, 354 F.Supp. 2d 119, 123 (D.R.I. 2005).

In order to prevail in a motion for summary judgment, "the moving party must show that 'there is an absence of evidence to support' the nonmoving party's claims." *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "In response, the nonmoving party cannot rest on its pleadings, but must set forth specific fact demonstrating that there is a genuine issue for trial." *Desrosiers*, 354 F.Supp. 2d at 123 (internal citation omitted).

As set forth below, there are no issues of material fact in dispute in this case and there is no evidence to support Royal Drywall's failure to pay the union dues and fund contributions owed under the Agreement. Accordingly, the Plaintiff Funds and Plaintiff Union are entitled to judgment as a matter of law.

## III. Argument

Summary judgment is appropriate in this case because there are no issues of material fact in dispute and the Plaintiff Funds and Plaintiff Union are entitled to judgment as a matter of law. It is undisputed that Royal Drywall is a signatory to the Agreement and is bound to make fund contributions and to pay union dues. It is also undisputed that Royal Drywall employed several employees covered by the Agreement during the months of July, August, September, October, November and December 2003. **Undisputed Fact No. 15**. Royal Drywall submitted Employer's Remittance Reports identifying the number of hours worked by each covered employee during those months and the amount of fund contributions and union dues owed. **Undisputed Fact No. 15**. According to the Employer's Remittance Reports, Royal Drywall owes fund contributions totaling $33,470.40 and union dues totaling $1,741.60 for the months of July, August, September, October, November and December 2003. **Undisputed Fact No. 16**. Thus, the amount of the delinquent fund contributions and union dues is undisputed.

It is also undisputed that Royal Drywall has not paid the aforementioned fund contributions and union dues as required under the Agreement. **Undisputed Fact No. 17**. Under the Agreement, Royal Drywall was required to pay all fund contributions and union dues no later than the twentieth (20th) day of each and every month for all hours worked by employees covered by the Agreement. It is undisputed, however, Royal Drywall has not paid the union dues and fund contributions for July, August, September, October, November and December

2003. Accordingly, Royal Drywall is in breach of the Agreement and the Plaintiff Funds and Plaintiff Union are entitled to judgment as a matter of law.

Plaintiff Funds and Plaintiff Union anticipate that Royal Drywall will argue that the third-party Defendant, O. Ahlborg and Sons, Inc. ("O. Ahlborg") agreed to pay the union dues and fund contributions for Royal Drywall, and therefore, summary judgment should not enter in favor of the Plaintiff Funds and Plaintiff Union. Any such argument must fail, however, because Royal Drywall is a signatory to the Agreement and is severally liable for all obligations under the Agreement. **Undisputed Fact No. 18.** Moreover, even if Royal Drywall and O. Ahlborg did in fact enter into a separate agreement pursuant to which O. Ahlborg agreed to indemnify Royal Drywall for its union dues and fund contributions (the validity of which is questionable considering that Royal Drywall has failed to enforce its alleged rights against O. Ahlborg since the filing of its third-party Complaint almost three years ago) that agreement does not excuse Royal Drywall from its obligation to pay union dues to Plaintiff Union and fund contributions to Plaintiff Funds under the Agreement. The Plaintiff Funds and Plaintiff Union were not parties to any such separate agreement between Royal Drywall and O. Ahlborg and, therefore, their claims against Royal Drywall are not dependent on Royal Drywall's third-party Complaint against O. Ahlborg.

As set forth above, the undisputed facts establish that Royal Drywall is signatory to the Agreement and is obligated to pay union dues to Plaintiff Union and fund contributions to Plaintiff Funds. The amount of union dues and fund contributions owed by Royal Drywall are also undisputed. Accordingly, the Plaintiff Funds and Plaintiff Union are entitled to judgment as a matter of law in the amount of $33,470.40 to Plaintiff Funds and $1,741.60 to Plaintiff Union, plus interest, liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. §1132(g).

## IV. Conclusion

For the foregoing reasons, the Plaintiff Funds and Plaintiff Union respectfully requests that the Court enter summary judgment in their favor on all counts set forth in Plaintiffs' Complaint.

Dated: Providence, Rhode Island
May 22, 2007

RONALD M. COIA, et al.
By their attorneys,

/s/ Robert P. Brooks

ROBERT P. BROOKS (#3721)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604 - 351-0607
rbrooks@apslaw.com
jlaporte@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of May 2007, I electronically filed the attached Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment with the court using the ECF system. The following counsel of record are registered with the court and will be served electronically through the ECF system:

Linn F. Freedman, Esq.
Nixon Peobody, LLP
One Citizens Plaza, Suite 500
Providence, RI, 02903

John E. Bulman, Esq.
Joseph P. Quinn, Esq.
Little Medeiros Kinder Bulman & Witney, P.C.
72 Pine Street
Providence, RI 02903

/s/ Robert P. Brooks

*418177_1.doc*